UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

Troy D. Whitmore
　　　Plaintiff

vs

Sheriff Tom Dart
Lt. Tucker
Sgt. Latham
Sgt. Rodriguez
Deputy Sheriff Jones
in their individual and
official capacities.

Case No. _____

16-cv-4220
Judge Sharon Johnson Coleman
Magistrate Judge Mary M. Rowland
PC 2

**FILED**
5/10/2016
THOMAS G. BRUTON
CLERK, U.S. DISTRICT COURT

RECEIVED
APR 08 2016
THOMAS G. BRUTON
CLERK, U.S. DISTRICT COURT

COMPLAINT UNDER THE CIVIL RIGHTS ACT, TITLE 42 Sect. 1983

I. Plaintiff: Troy D. Whitmore

B. List all aliases: Don Gregerson, Sterling Scott

C. Prisoner identification number: 20150910276

D. Place of present Confinement: Cook County Jail

E. Address: Post office Box 089002 Chgo, IL 60608

II. A. Defendant: Sheriff Tom Dart

Title: Sheriff of Cook County

Place of Employment: Cook County Jail
2600 S. California
Chicago, Illinois 60608

B. Defendant: Lt. Tucker

Title: Lt. Deputy Sheriff

Place of Employment: Cook County Jail
2600 S. California
Chicago, IL 60608

2

C. Defendant: Sgt. Latham

   Title: Sgt. Deputy Sheriff

      Place of Employment: Cook County Jail
                                  2600 S. California
                                  Chicago, IL 60608

D. Defendant: Sgt. Rodriguez

   Title: Sgt. Deputy Sheriff

      Place of Employment: Cook County Jail
                                  2600 S. California
                                  Chicago, IL 60608

E. Defendant: Deputy Sheriff Jones

   Title: Deputy Sheriff

      Place of Employment: Cook County Jail
                                  2600 S. California
                                  Chicago, IL 60608

III. List ALL lawsuits you (and your co-plaintiffs, if any) have filed in any state or federal court in the United States:

A. Name of case and docket number: Whitmore vs Alpert et al,

B. Approximate date of filing lawsuit: 2006

C. List all plaintiffs (if you had co-plaintiffs), including any aliases: Troy D. Whitmore

D. List all defendants: Can't remember

E. Court in which the lawsuit was filed (if federal court, name the district; if state court, name the county): Southern District of Illinois

F. Name of judge to whom case was assigned: Frazier

G. Basic claim made: 8th amendment violation

H. Disposition of this case (for example: Was the case dismissed? Was it appealed? Is it still pending?): Decision for plaintiff

I. Approximate date of disposition: August 2012

**IF YOU HAVE FILED MORE THAN ONE LAWSUIT, THEN YOU MUST DESCRIBE THE ADDITIONAL LAWSUITS ON ANOTHER PIECE OF PAPER, USING THIS SAME FORMAT. REGARDLESS OF HOW MANY CASES YOU HAVE PREVIOUSLY FILED, YOU WILL NOT BE EXCUSED FROM FILLING OUT THIS SECTION COMPLETELY, AND FAILURE TO DO SO MAY RESULT IN DISMISSAL OF YOUR CASE. CO-PLAINTIFFS MUST ALSO LIST ALL CASES THEY HAVE FILED.**

III. **List ALL lawsuits you (and your co-plaintiffs, if any) have filed in any state or federal court in the United States:**

    A.    Name of case and docket number: _Whitmore vs Snyder et al_

    B.    Approximate date of filing lawsuit: _2001_

    C.    List all plaintiffs (if you had co-plaintiffs), including any aliases: _None_

    D.    List all defendants: _Can't recall_

    E.    Court in which the lawsuit was filed (if federal court, name the district; if state court, name the county): _Southern District_

    F.    Name of judge to whom case was assigned: _Unknown_

    G.    Basic claim made: _8th amendment violation_

    H.    Disposition of this case (for example: Was the case dismissed? Was it appealed? Is it still pending?): _Dismissed as frivolous and without merit and with a strike._

    I.    Approximate date of disposition: _2001_

**IF YOU HAVE FILED MORE THAN ONE LAWSUIT, THEN YOU MUST DESCRIBE THE ADDITIONAL LAWSUITS ON ANOTHER PIECE OF PAPER, USING THIS SAME FORMAT. REGARDLESS OF HOW MANY CASES YOU HAVE PREVIOUSLY FILED, YOU WILL NOT BE EXCUSED FROM FILLING OUT THIS SECTION COMPLETELY, AND FAILURE TO DO SO MAY RESULT IN DISMISSAL OF YOUR CASE. CO-PLAINTIFFS MUST ALSO LIST ALL CASES THEY HAVE FILED.**

III. List ALL lawsuits you (and your co-plaintiffs, if any) have filed in any state or federal court in the United States:

A. Name of case and docket number: Whitmore vs Godinez

B. Approximate date of filing lawsuit: June or July of 2012

C. List all plaintiffs (if you had co-plaintiffs), including any aliases: Troy D. Whitmore

D. List all defendants: Can't remember

E. Court in which the lawsuit was filed (if federal court, name the district; if state court, name the county): Southern District of Illinois

F. Name of judge to whom case was assigned: Can't remember

G. Basic claim made: 8th amendment violation

H. Disposition of this case (for example: Was the case dismissed? Was it appealed? Is it still pending?): Dismissed for failure to prosecute

I. Approximate date of disposition: 2012

**IF YOU HAVE FILED MORE THAN ONE LAWSUIT, THEN YOU MUST DESCRIBE THE ADDITIONAL LAWSUITS ON ANOTHER PIECE OF PAPER, USING THIS SAME FORMAT. REGARDLESS OF HOW MANY CASES YOU HAVE PREVIOUSLY FILED, YOU WILL NOT BE EXCUSED FROM FILLING OUT THIS SECTION COMPLETELY, AND FAILURE TO DO SO MAY RESULT IN DISMISSAL OF YOUR CASE. CO-PLAINTIFFS MUST ALSO LIST ALL CASES THEY HAVE FILED.**

3

Revised 9/2007

III. List ALL lawsuits you (and your co-plaintiffs, if any) have filed in any state or federal court in the United States:

A. Name of case and docket number: Whitmore vs Godinez

B. Approximate date of filing lawsuit: June or July of 2012

C. List all plaintiffs (if you had co-plaintiffs), including any aliases: Troy D. Whitmore

D. List all defendants: Can't remember

E. Court in which the lawsuit was filed (if federal court, name the district; if state court, name the county): Southern District of Illinois

F. Name of judge to whom case was assigned: Can't remember

G. Basic claim made: 8th amendment violation

H. Disposition of this case (for example: Was the case dismissed? Was it appealed? Is it still pending?): Dismissed for failure to prosecute

I. Approximate date of disposition: 2012

**IF YOU HAVE FILED MORE THAN ONE LAWSUIT, THEN YOU MUST DESCRIBE THE ADDITIONAL LAWSUITS ON ANOTHER PIECE OF PAPER, USING THIS SAME FORMAT. REGARDLESS OF HOW MANY CASES YOU HAVE PREVIOUSLY FILED, YOU WILL NOT BE EXCUSED FROM FILLING OUT THIS SECTION COMPLETELY, AND FAILURE TO DO SO MAY RESULT IN DISMISSAL OF YOUR CASE. CO-PLAINTIFFS MUST ALSO LIST ALL CASES THEY HAVE FILED.**

III. List ALL lawsuits you (and your co-plaintiffs, if any) have filed in any state or federal court in the United States:

A. Name of case and docket number: Whitmore vs Snyder

B. Approximate date of filing lawsuit: 2001

C. List all plaintiffs (if you had co-plaintiffs), including any aliases: Troy D. Whitmore

D. List all defendants: Can't remember

E. Court in which the lawsuit was filed (if federal court, name the district; if state court, name the county): Souther District of Illinois

F. Name of judge to whom case was assigned: Frazier

G. Basic claim made: 8th amendment violation

H. Disposition of this case (for example: Was the case dismissed? Was it appealed? Is it still pending?): Decision for defendants

I. Approximate date of disposition: 2012

IF YOU HAVE FILED MORE THAN ONE LAWSUIT, THEN YOU MUST DESCRIBE THE ADDITIONAL LAWSUITS ON ANOTHER PIECE OF PAPER, USING THIS SAME FORMAT. REGARDLESS OF HOW MANY CASES YOU HAVE PREVIOUSLY FILED, YOU WILL NOT BE EXCUSED FROM FILLING OUT THIS SECTION COMPLETELY, AND FAILURE TO DO SO MAY RESULT IN DISMISSAL OF YOUR CASE. CO-PLAINTIFFS MUST ALSO LIST ALL CASES THEY HAVE FILED.

## IV: Statement of Claim:

While a detainee at the Cook County jail between September of 2015 and December Plaintiff noticed that there was Black mold growing in the showers in division one. The living areas and cells were heavily encrusted in soot from fire activity and there was a strong odor of fire or burning things. Plaintiff was housed on E, B, G and H wells and the same conditions were present. At night the Plaintiff encountered mice running in and out of the cell and up and down the catwalks. The vents and window screens were covered with filth consisting of what looked like soot, dust, dirt and smoke. Plaintiff complained to Lt. Tucker, Sgt. Latham, Sgt. Rodriguez and several different officers about these conditions but nothing was done. Plaintiff was dismayed to discover what appeared to be asbestos insulation present in division one. There were several places where there was exposed insulation on pipes that appeared to be asbestos. Compounding the situation was the fact that the plaintiffs uniform and bed linens were not cleaned for weeks at a time and no cleaning supplies were issued to plaintiff to clean up his living area/cell area.

1

Plaintiff complained to Lt. Tucker, Sgt. Latham, Sgt. Rodriguez during their routine tours of the tiers about these things and asked for their help but they did nothing. Plaintiff was indigent and made several requests from September to December of 2015 for shampoo, deodorant, a comb, brush and a change of under wear but never received help or a response from Lt. Tucker, Sgt. Latham, Sgt. Rodriguez or deputy Jones when these various issues were brought to their attention. Regardless of repeated requests and complaints to Sheriff Tom Dart and the Superintendent of division one by grievance Plaintiff received no relief and the conditions persisted. Clearly plaintiff's health and safety were threatened by dangerous inhumane conditions and Sheriff Tom Dart, the Superintendant of Division One, Lt. Tucker, Sgt. Latham, Sgt. Rodriguez and deputy Jones failed to take reasonable steps to avoid risks of irreparable harm to the Plaintiff. On January 3, 2016 plaintiff requested to be placed in seg because he was improperly housed while in division one. Plaintiff asked defendant deputy sheriff Jones to contact a sgt to address his housing issue. Deputy Jones refused to do so and instead contacted the command staff and wrongly informed them intentionally

2

that plaintiff refused to lock up when told to do so. The plaintiff offered no threat to staff, other detainees or himself and had not disrupted the order of things when defendant Jones accused Plaintiff of refusing. In response Lt. Tucker, Sgt. Latham, Sgt. Rodriguez and several other John doe Sheriff's came on the tier. This was an obvious show of force to which plaintiff responded by sitting on the floor with his hands up and stating that he offered no threat or harm to staff or anyone and simply wanted to be placed in segregation until his housing situation could be addressed. Plaintiff was being housed as a federal writ prisoner when he was not a federal prisoner. Plaintiff explained this to Lt. Tucker and requested to be placed in segregation. Lt. Tucker refused to take plaintiff to segregation and instructed Sgt. Latham and Sgt. Rodriguez

3

Revised 9/2007

to put the plaintiff back in his cell. Sgt. Latham ordered plaintiff handcuffed and deputy sheriff John doe cuffed Plaintiff. Plaintiff was not a threat to the staff, other detainess or the order of the facility but he was placed in iron restraints because he requested to be placed in segregation. Lt. Rodriguez directed the other John doe deputy Sheriff's to pick plaintiff up and take him back to his cell. Plaintiff who was sitting on the floor in restraints was then grabbed by two John does and physically carried. Plaintiff offered no resistance, was no threat to staff or other detainees or the orderly function of the facility. Plaintiff was taken to the cell and thrown on the Steele bunk and deputy sheriff John doe jumped on Plaintiff's body while he was face down on the bunk placing a knee in the small of plaintiff's back and a knee on his head

4

violently smashing his head onto the steele edge of the bunk causing a deep cut to his chin, a deep cut to his bottom lip, a fracture to his orbital socket of his left eye, a fracture to his nose and a concussion to his head. The Plaintiff was uncuffed and the defendants quickly left the cell. Plaintiff called to defendant deputy Sheriff Jones for medical attention but was ignored. Plaintiff asked the 3-11 shift John doe deputy Sheriff for medical attention and was told that Lt. Tucker and Sgt. Rodriguez had been notified of my medical need. But Plaintiff received no medical attention on Jan 3, 2016 On Jan 4, 2016 Plaintiff was sent to Cermak where he was rushed out to Stroger hospital for emergency care after a concussion and facial fractures were discovered.

5

V. **Relief:**

State briefly exactly what you want the court to do for you. Make no legal arguments. Cite no cases or statutes.

Compensatory damages, Punitives damages and declatory relief, Jointly and seperately against each defendant.

VI. The plaintiff demands that the case be tried by a jury. ☑ YES ☐ NO

## CERTIFICATION

By signing this Complaint, I certify that the facts stated in this Complaint are true to the best of my knowledge, information and belief. I understand that if this certification is not correct, I may be subject to sanctions by the Court.

Signed this _____ day of _____, 20____

Troy D. Whitmore
(Signature of plaintiff or plaintiffs)

Troy D. Whitmore
(Print name)

20150910276
(I.D. Number)

P.O. Box 089002
Chicago, IL 60608
(Address)

# LOEVY & LOEVY

312 N. May St., Suite 100, Chicago, Illinois 60607

December 2, 2015

*CONFIDENTIAL LEGAL CORRESPONDENCE*
Troy D Whitmore 20150910276
Cook County Jail
P.O. Box 089002
Chicago, IL 60608

    Re:    Your request for legal representation

To Troy D Whitmore:

    This letter is to inform you that after reviewing your file, we are unfortunately unable to take your case.

    Please be advised that there are time limitations that govern the period in which a claim or lawsuit may be filed. Such time periods depend on the cause of action you may wish to pursue. However, we encourage you to follow up with other attorneys <u>immediately</u> to ensure that all legal rights are fully explored and protected.

    We appreciate your decision to contact us, and wish you the best of luck in pursuing your claims.

    Sincerely,

    Loevy & Loevy